IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARTHA GAYLE DECUIRE TURNER, | § § § |
| Plaintiff, | § § |
| v. | §  Civil Action No. _____ |
| WELLS FARGO BANK, N.A. | § § § |
| Defendant. | § § |

## INDEX OF REMOVAL DOCUMENTS

### EXHIBIT "A"

| TAB NO. | DOCUMENT | DATE |
|---|---|---|
| 1 | Plaintiff's Original Petition and Jury Demand | 03/26/10 |
| 2. | Citation issued to Defendant Wells Fargo Bank, N.A. | 03/31/10 |
| 3. | Notice of Service of Process | 03/31/10 |
| 4. | State Court Docket Sheet | Current as of 04/19/10 |

INDEX OF REMOVAL DOCUMENTS – Solo Page

# Tab No. 1

016215.00010:755299.01

CAUSE NO. 067 244507 10

| | | |
|---|---|---|
| MARTHA GAYLE DECUIRE TURNER, | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| v. | § § § | _____ JUDICIAL DISTRICT |
| WELLS FARGO BANK, N.A., | § § | |
| *Defendant.* | § § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Martha Gayle Decuire Turner, Plaintiff, complaining of Wells Fargo Bank, N.A., and for cause of action would show the Court as follows:

I.

### PARTIES

1.  Plaintiff Martha Gayle Decuire Turner (*Turner*) is an African-American citizen of the United States who resides in Kemp, Henderson County, Texas.

2.  Defendant Wells Fargo Bank, N.A. (*Wells Fargo*) is a financial institution organized under the laws of the State of California. Defendant may be served through its registered agent for service of process, Corporation Service Company, 211 East 7th Street, Austin, Texas, 78701.

II.

### DISCOVERY CONTROL PLAN

3.  In accordance with Rule 190.1, Texas Rules of Civil Procedure, Plaintiff will conduct discovery in this civil action under Discovery Control Plan Level Two.

Plaintiff's Original Petition and Jury Demand – Page 1

## III.

## JURISDICTION

4.     This court has personam jurisdiction over Defendant since Plaintiff's causes of action arose in Texas and since Defendant is amenable to service by a Texas court. This Court has subject matter jurisdiction because district courts are constitutional courts of general jurisdiction, and the amount in controversy is within the jurisdictional limits of the court.

## IV.

## VENUE

5.     Venue is proper in Tarrant County, Texas under TEX. CIV. PRAC. & REM. CODE §15.002 in that all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there.

## V.

## FACTS

6.     In 2000, Turner accepted a position as a mortgage broker with Wells Fargo after retiring from the Navy. She excelled at Wells Fargo, distinguishing herself as a valued member of the mortgage team. In 2002 Turner transferred into the retail banking section of Wells Fargo and became part of the Southern California Border team. During this time Turner also served as a Military Banking Coordinator, helping other bankers understand and maximize the programs Wells Fargo made available to military members and their families. After this program ended Turner became a personal banker. Turner flourished in this position, receiving a Certificate of Excellence for Top Performing Personal Banker for the third and fourth quarters of 2004. In 2006 Turner received numerous perfect five scores for customer service, and in April of that year

she was nominated for the Service Starts with Me award. In May 2006 Turner transferred to the Wells Fargo branch located at 2820 Hulen Street, Fort Worth, Texas to be closer to her family.

7.  In February 2007 Turner was diagnosed with Post-Traumatic Stress Disorder (PTSD) related to her military service. Turner also suffers from uterine fibroids, a condition that is exacerbated by PTSD. She has since received medical treatment for both conditions.

8.  Because of the increasingly painful and disruptive effects of Turner's PTSD on her uterine fibroids, in August 2009 Turner's physician recommended that she undergo a full hysterectomy. Turner informed Manager Susan Rednour (*Rednour*) of this recommendation and requested leave pursuant to the Family Medical Leave Act (FMLA) to undergo and recover from this major procedure. Rednour explained to Turner that the branch was short-staffed and asked that Turner delay her surgery until January 2009 to accommodate the branch's staffing needs. Turner agreed to delay her surgery, and was told by Rednour that her request for leave was approved. Shortly thereafter Rednour transferred to Colorado and Courtney Wolfe (*Wolfe*) replaced Rednour as Turner's manager. Wolfe affirmed that she was aware of Turner's upcoming, previously-approved, surgery.

9.  On or about December 15, 2008, however, Turner's elderly mother suffered a stroke and was hospitalized. Her mother's physician told Turner that her mother would require Turner's care for a period of time after she was released from the hospital. Turner spoke with Wolfe about these circumstances and requested immediate FMLA leave to care for her mother and afterward undergo the hysterectomy. Wolfe verbally agreed. Turner obtained a "Family Medical Leave Act Request Form," which contained a medical certification for her mother's physician's completion, as well as a place for Wolfe's approval. Wolfe told Turner that she

would execute her portion of the form and then Turner could obtain the medical certification afterwards.

10. This marked the end of Wolfe's cooperation with Turner's attempts to obtain FMLA leave. Wolfe was unavailable every time Turner attempted to contact her to coordinate execution of the form. Wolfe would inexplicably refuse to return Turner's telephone calls. Turner eventually visited the branch and was told that Wolfe was unavailable to speak with her. Turner left the form with Personal Banker Julie Nabor (*Nabor*) for Wolfe to complete. Wolfe never completed her portion of the form nor did she contact Turner. She continued, instead, to evade Turner. Turner contacted Employee Relations to determine what she should do, and Employee Relations would only tell her that Wolfe needed to execute the paperwork.

11. With the fifteen-day deadline looming, Turner attempted to contact District Manager Richard Brown (*Brown*). Brown, too, failed to return Turner's telephone calls, and refused to see her when she visited his office. Upon being told once again that Brown was unavailable to speak with her, Turner told his secretary that she would just return to work if her managers refused to sign the required paperwork. Shortly thereafter Brown's secretary called Turner back and informed Turner that Brown had indicated that there was no position available for her to return to. At this point Turner contacted Employee Relations and was told that no FMLA paperwork had ever been turned in for her, and so her request for FMLA leave had never been approved and therefore her leave was not protected by the FMLA.

12. At a loss for what to do, Turner attempted to contact Brown's supervisor, Mary Bell (*Bell*). Bell informed Turner that she would have to coordinate with Brown. Finally Brown called Turner back and informed her that she would need to discuss the matter with Pat Korenek

(*Korenek*) in the Employee Relations department. Korenek would only tell Turner that her paperwork was denied.

13. Turner again tried to contact Wolfe and Brown, but neither of them would accept her telephone calls or call her back. Turner eventually visited Brown's office again and when she was told Brown was unavailable she met with another District Manager, Babby Newland (*Newland*). Upon hearing Turner's predicament Newland executed, and backdated, Turner's FMLA paperwork. Turner quickly provided the fully executed form to the Employee Relations department.

14. Shortly thereafter, she was contacted by Korenek, who informed Turner, unbelievably, that her request for FMLA leave was denied because the paperwork was not timely. Therefore, according to Korenek, Turner could not return to her position. Korenek informed Turner that she would have to go on "job hunting leave" and that unless she secured another position with Wells Fargo within ninety days she would be terminated.

15. On or about March 2009 Turner contacted Corporate Relations about Wells Fargo's obvious interference with her rights under the FMLA and was eventually told that she was not allowed to return to work because her sales numbers were low. This was completely false, and amounted to clear retaliation for Turner's opposition to Wells Fargo's interference with her rights under the FMLA.

16. Upon information and belief, Qanh Kieu (*Kieu*), an Asian employee, was transferred to the Hulen branch to replace Turner while she went out on medical leave. She was allowed to transfer because she could not make her sales goals at her previous branch. Nabors failed to meet her sales goals at the Hulen branch as well and was allowed to transfer to another branch to preserve her job. In fact, Wells Fargo placed Shelly Guerry, (*Guerry*), another

Plaintiff's Original Petition and Jury Demand – Page 5

Caucasian personal banker, at the Hulen location after placing Turner on "job hunting leave," who likewise did not meet her sales goals. All of these employees were transferred to other locations rather than terminated. Turner's race, African-American, was the cause of Defendant's failure to cooperate with Turner concerning her request for FMLA leave, and for failing to reinstate her to her previous position.

17. Indeed, in her haste to fire Turner, Korenek attempted to do so sixty days into Turner's "job hunting leave." When Turner pointed out to Korenek that she was entitled to ninety days to look for a new position, Korenek admitted that this was true. During the time she was on "job hunting leave" Turner applied for at least twenty positions within Wells Fargo but was turned down for each of them.

18. On May 18, 2009 Wells Fargo terminated Turner's employment.

## VI.

## CAUSES OF ACTION

### Count One – Family Medical Leave Act

19. Turner incorporates by reference the foregoing, inclusive, as if those allegations were set forth verbatim.

20. Turner has satisfied all jurisdictional prerequisites in connection with her claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§2601 *et. seq.*

21. Wells Fargo is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

22. During the time that Turner was employed by Wells Fargo, she was an "eligible employee" as defined by the FMLA in 29 U.S.C. §2611(2).

23. While Turner was employed by Wells Fargo she and her mother both had a "serious health condition" within the meaning of 29 U.S.C. §2611(11).

24. Turner was entitled to medical leave to care for both her and her mother's serious health conditions as provided for in 29 U.S.C. §2612(a)(1)(C).

25. Wells Fargo interfered with Turner's rights under the FMLA by refusing to complete her "Family Medical Leave Act Request Form," an internal company document that required her supervisor's approval. Wells Fargo interfered with Turner's rights under the FMLA as well by refusing to reinstate her to her position after she requested that she be permitted to simply return to work.

26. Wells Fargo also interfered with Turner's rights under the FMLA when it terminated her in retaliation for exercising of her rights under the FMLA.

27. As a result of Wells Fargo's violations of the FMLA, Turner suffered actual damages in the form of lost wages and benefits. Turner also suffered damages when Wells Fargo, Turner's mortgage lender, accelerated her mortgage loan when she fell slightly behind on her mortgage after she was terminated and drained her 401(K) savings account.

28. As a result of this willful violation of the FMLA, Turner is entitled to all damages outlined in 29 U.S.C. §2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of Wells Fargo's violations of the FMLA, plus interest. In addition, Turner is entitled to liquidated damages equal to the amount of reimbursable compensation described above. Turner also seeks any additional equitable relief to which she is entitled, along with her reasonable attorney's fees and court costs.

**Count Two – Texas Commission on Human Rights Act**

29. Turner incorporates by reference the foregoing, inclusive, as if those allegations were set forth verbatim.

30. Through Wells Fargo's managers, supervisors, and/or employees, in a continuing course of conduct, Turner was subjected to a continuing course of discrimination that severely altered the terms and conditions of her employment.

31. Turner was effectively precluded from exercising her rights under the FMLA, and from returning to her position after her leave of absence, and was terminated, because of her race, African-American.

32. By virtue of the above described unlawful employment practices, Wells Fargo violated §21.051 of the Texas Labor Code. Turner is entitled to recover back pay, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, with prejudgment interest thereon, in accordance with §21.2585(d) of the Texas Labor Code.

33. Because Wells Fargo engaged in unlawful employment practices with malice or with reckless indifference to Turner's state-protected rights, she is entitled to an award of exemplary damages against Wells Fargo under §21.2585(b) of the Texas Labor Code.

34. Turner is also entitled to recover attorney fees and costs, including expert fees, pursuant to §21.259 of the Texas Labor Code.

35. Turner has fully exhausted her administrative remedies under the Texas Labor Code and she has fulfilled all jurisdictional prerequisites to the filing of this action. Turner dually filed an employment discrimination charge against Wells Fargo with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Commission - Civil Rights Division within 180 days of receiving notice of the termination of her employment in accordance with TEX. LAB. CODE §21.202(a). On January 27, 2010 the Texas Workforce Commission Civil Rights Division issued Turner's notice of right to file suit under the Texas Commission on

Human Rights Act. Turner has filed this action within 60 days from her receipt of such notice in accordance with TEX. LAB. CODE §21.254.

## VII.

## PRAYER

36. Turner respectfully requests that this Court grant the following relief from Wells Fargo:

- A. A declaratory judgment, declaring Wells Fargo's past practices herein complained of to be unlawful under Counts I and II;

- B. Back pay, pension benefits, stock options, bonuses, health benefits, and any other relief necessary to compensate Turner pursuant to Counts I and II;

- C. Liquidated damages pursuant to Count I;

- D. Compensatory damages for future pecuniary losses and for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, pursuant to Count II;

- E. Exemplary damages as set forth in Count II;

- F. Prejudgment and post-judgment interest, pursuant to Counts I and II;

- G. Attorney's fees necessary for the prosecution of Counts I and II;

- H. Costs for the prosecution of Counts I and II, including the cost of expert witness fees;

- F. Such other general relief to which Turner shows herself justly entitled.

## VIII.

## JURY DEMAND

37. Turner requests that all ultimate fact issues be submitted to a jury for determination in accordance with Texas law. She has paid the jury fee.

Respectfully Submitted,

*[signature]*

Amanda L. Reichek
Texas State Bar No. 24041762
The Reichek Firm, PLLC
3100 Monticello Avenue, Suite 500
Dallas, Texas 75205
214.731.3110
214.580.9680 (facsimile)
amanda@reicheklaw.com

**COUNSEL FOR PLAINTIFF**

# Tab No. 2

016215.00010:755299.01

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY



*CITATION*  *Cause No. 067-244507-10*

MARTHA GAYLE DECUIRE TURNER
VS.
WELLS FARGO BANK, N.A.

TO: WELLS FARGO BANK N.A.

CORPORATION SERVICE COMPANY, REG. AGENT 211 E 7TH ST AUSTIN, TX 78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MARTHA GAYLE DECUIRE TURNER

Filed in said Court on March 26th, 2010 Against
WELLS FARGO BANK N.A.

For suit, said suit being numbered 067-244507-10 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND  a copy of which accompanies this citation.

AMANDA L REICHEK
Attorney for MARTHA GAYLE DECUIRE TURNER Phone No. (214)731-3100
Address    3100 MONTICELLO AVE STE 500 DALLAS, TX 75205

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 30th day of March, 2010.

By _____Cynthia Cotman_____ Deputy
CYNTHIA COTMAN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

OFFICER'S RETURN
Received this Citation on the 31st day of MARCH, 2010 at 10:00 o'clock A M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND, having first endorsed on same the date of delivery.

        Authorized Person/Constable/Sheriff: _____
        County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ___
to certify which witness my hand and seal of office
(Seal)                                                              DELIVERED
                     County of _____, State of _____   ON 3/31/10
                                                                 BY TLC 3012

*CITATION*

Cause No. 067-244507-10

MARTHA GAYLE DECUIRE TURNER

VS.

WELLS FARGO BANK, N.A.

ISSUED

This 30th day of March, 2010

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By        CYNTHIA COTMAN Deputy

AMANDA L REICHEK
Attorney for: MARTHA GAYLE DECUIRE TURNER
Phone No. (214)731-3100
ADDRESS: 3100 MONTICELLO AVE
STE 500
DALLAS, TX 75205

*CIVIL LAW*



*06724450710000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY, DISTRICT CLERK

# Tab No. 3

016215.00010:755299.01



CORPORATION SERVICE COMPANY

# Notice of Service of Process

AP1 / ALL
Transmittal Number: 7527583
Date Processed: 03/31/2010

| | |
|---|---|
| Primary Contact: | Diana Benda - WFB<br>Wells Fargo, Inc.<br>800 Walnut Street<br>Des Moines, IA 50309 |
| Entity: | Wells Fargo Bank, N.A.<br>Entity ID Number  2787565 |
| Entity Served: | Wells Fargo Bank N.A. |
| Title of Action: | Martha Gayle Decuire Turner vs. Wells Fargo Bank, N.A. |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Labor / Employment |
| Court: | Tarrant County District Court, Texas |
| Case Number: | 067 244507 10 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 03/31/2010 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Amanda L. Reichek<br>214-731-3110 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# Tab No. 4

016215.00010:755299.01

```
                              PRNTTRAN452390
                TARRANT COUNTY DISTRICT CLERK'S OFFICE       Page:     1
                       ALL TRANSACTIONS FOR A CASE           Date: 04/19/2010
                                                             Time: 11:49
------------------------------------------------------------------------------
             Cause Number: 067-244507-10   Date Filed: 03/26/2010
   MARTHA GAYLE DECUIRE TURNER             v     WELLS FARGO BANK, N.A.
                                           s
        Cause of Action: DAMAGES OTHER THAN PI, WITHOUT MTR VEH INVOLV
        Case Status....: PENDING
------------------------------------------------------------------------------
   Filemark    Description                                       Fee Total
------------------------------------------------------------------------------
   03/26/2010  PLTF'S ORIG PET & JURY DEMAND                 NI      249.00
   03/26/2010  COURT COST (PAID) trans #1                    Y       249.00
   03/26/2010  Citation-ISSUED ON WELLS FARGO BANK N.A.-On   N          8.00
   03/26/2010  COURT COST (PAID) trans #3                    Y          8.00
   03/26/2010  JURY FEE                                      N         30.00
   03/26/2010  COURT COST (PAID) trans #5                    Y         30.00
------------------------------------------------------------------------------
Total Number Of Records Printed:       6
4
```

Page 1